IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MAURICE HUGHES,

                        Plaintiff,             Civil Action No.
                                               9:17-CV-1151 (DNH/DEP)

    v.

MAHMOOD BUTT, *et al.*,

                        Defendants.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

MAURICE HUGHES, *Pro Se*
18-B-1404
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

FOR DEFENDANTS BUTT AND HALL:

STEINBERG, SYMER & PLATT        JONATHAN E. SYMER, ESQ.
27 Garden St.
Poughkeepsie, NY 12601

FOR DEFENDANT SMOLINSKY:

HON. ROBERT G. BEHNKE           JENNIFER L. SUWAK, ESQ.
Broome County Attorney             Assistant County Attorney
Broome County Office Building
60 Hawley St.
P.O. Box 1766
Binghamton, NY 13902

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

*Pro se* plaintiff Maurice Hughes, a New York State prison inmate, has commenced this civil rights action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his conditions of confinement in Broome County Jail ("Broome C.J."). Although plaintiff's original complaint asserted additional claims against several defendants, the action has been narrowed to include only medical indifference and retaliation causes of action against three individuals stationed at the Broome C.J. at the relevant times.

Currently pending before the court are discovery motions filed by the parties. In particular, defendants have filed a motion to compel plaintiff to complete his deposition, and plaintiff's motion seeks the appointment of a "private investigator" to assist him with discovery. For the reasons set forth below, defendants' motions are granted, and plaintiff's motion is denied.

I.   BACKGROUND

Although plaintiff is currently an inmate being held in the custody of the New York State Department of Corrections and Community Supervision, Dkt. No. 40 at 3, at the times relevant to his claims in this action plaintiff was confined in the Broome C.J. Dkt. No. 45. As alleged in the currently operative second amended complaint, plaintiff was deprived of adequate medical care by defendants Doctor Butt and Barry Hall and retaliated against for filing grievances by defendant Mark Smolinsky, the Broome C.J. Administrator. *See generally id.*; *see also* Dkt. No. 44.

On or about August 2, 2018, defendants Hall and Butt served plaintiff with a notice of deposition, indicating that his deposition would occur on August 27, 2018, at the Collins Correctional Facility ("Collins C.F."), the prison in which plaintiff was confined at the time. Dkt. No. 41-5; Dkt. No. 48-4. On or about August 7, 2018, defendant Smolinsky served his notice of deposition on plaintiff, indicating that plaintiff's deposition would occur at the same time and place described in the notice of deposition from defendants Hall and Butt. Dkt. No. 41-6. Counsel for defendants Hall, Butt, and Smolinsky arrived at the Collins C.F. on the scheduled deposition date of August 27, 2018, for plaintiff's deposition. Dkt. No. 48-5 at 2-3. The deposition commenced at approximately

10:30AM, and plaintiff answered questions posed by counsel for defendants Hall and Butt until approximately 12:00PM, at which time the parties recessed for lunch. Dkt. No. 41-1 at 2. The parties reconvened thirty minutes later. *Id.* Although the parties dispute whether plaintiff ate anything during the lunch break, counsel for defendant Smolinsky "personally observed a correctional officer give the plaintiff his lunch which consisted of several food items, including what appeared to be soft food items." Dkt. No. 41-1 at 2. Plaintiff contends, however, that, five days earlier, he had oral surgery and had more than twenty teeth extracted. Dkt. No. 53 at 5. According to plaintiff, he was in so much pain on the date of the deposition that it was impossible for him to eat the food he was served for lunch, which consisted of "cold cuts [a]nd cheese[.]" *Id.* At approximately 2:15PM, plaintiff unilaterally terminated the deposition, complaining about his medical conditions and being unable to eat. Dkt. No. 41-1 at 3; Dkt. No. 48-5 at 167-68. Defendants did not consent to the termination of the deposition. Dkt. No. 48-5 at 168.

II. DISCUSSION

A. Defendants' Motions to Compel

Defendant Somlinsky's motion requests an order from the court directing plaintiff to respond to document demands and complete his

deposition testimony. Dkt. No. 41-12. With respect to the document demands, defendant Smolinsky served document demands on plaintiff on or about June 13, 2018. Dkt. No. 41-2. To date, plaintiff has not provided any documents in response, nor has he provided defendant Smolinksy with an explanation for not responding. Dkt. No. 41-1 at 1.

With respect to plaintiff's termination of his deposition on August 27, 2018, defendants Hall, Butt, and Smolinsky discredit plaintiff's medical complaints and assert that plaintiff intentionally refused to comply with discovery demands by refusing to complete his deposition. Dkt. No. 41-12 at 9; Dkt. No. 48-1 at 5.

In response to defendants' motions, plaintiff contends that he was in "s[e]rious pain" and experiencing "headaches" during the deposition. Dkt. No. 53 at 5. He also states that he is a diabetic and, on the date of the deposition, had not received any insulin since 6:00AM. *Id.* He claims that a result, and because of his inability to eat the food provided to him during the lunch recess, he "was feeling so hungry and light headed" at the time that he was compelled to unilaterally terminate the deposition. *Id.*

Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part, that where "a party . . . fails to . . . permit discovery," the court may issue sanctions. Fed. R. Civ. P. 37(b)(2). Similarly, Rule 37(d) permits the

court to issue sanctions where a party fails to attend its own properly noticed deposition. Fed. R. Civ. P. 37(d). "A district court has wide discretion in imposing sanctions . . . under Rule 37[.]" *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991).

After considering the parties' positions concerning plaintiff's unilateral and non-consensual termination of his deposition on August 27, 2018, I find that sanctions are not justified at this time. Plaintiff stated on the record at his deposition that he was refusing to continue after several hours of questioning in light of his medical conditions. In particular, when asked by counsel for defendants Butt and Hall to state his reason for terminating the deposition, plaintiff testified as follows:

> My name is Maurice Hughes. It is approximately 2:21. I've been here since 10:46. I just had surgery, oral surgery in my mouth where they took out 28 teeth. They have me on medications. I haven't been able to take them. I can't eat. I'm insulin-dependent.
>
> I've been down here four hours. I cannot take it anymore. It has nothing to do with the inquiry. It has something to do with my physical well-being. It is being jeopardized.
>
> For me to know that I got to sit here for another two hours with nothing to eat in my stomach, I can go into diabetic ketoacidosis, or worse, and I'm not going to put myself in that type of peril. And I end now. I'm sorry.

Dkt. No. 48-5 at 168. In light of plaintiff's health at the time of the

deposition, as well as the special solicitude courts must extend to *pro se* litigants, I find that sanctioning plaintiff for his unilateral termination of the deposition is not appropriate at this juncture. Nevertheless, defendants are entitled to a complete deposition of plaintiff, and plaintiff will therefore be directed to sit for deposition for a period not to exceed four hours at a date and time selected by counsel for defendants. Barring medical documentation provided to the court *prior to the date of the scheduled deposition* demonstrating that plaintiff cannot medically participate in four hours of testimony at one time (with appropriate breaks provided), defendants are granted leave to file a motion for sanctions against plaintiff, including dismissal of the action, in the event he refuses to appear for deposition or unilaterally terminates the deposition again for medical reasons.

At this time, I must also address defendants' allegations that, prior to terminating the deposition, plaintiff had become argumentative with defendants' counsel during questioning. *See, e.g.,* 48-5 at 50, 114-16, 127-30. Such behavior, which at times can be fairly characterized as obstructive, is not, and will not be, condoned by the court. Plaintiff is hereby warned that any continued obstruction or argumentative conduct during his deposition will be met with sanctions, including possibly

dismissal of all claims in the action. Although he may state simply "objection to form" if he believes a question posed in not in proper form, he must answer each question unless if calls for a response that would be protected by privilege.

Finally, defendant Smolinksy's request for an order directing plaintiff to respond to his document demands, served on plaintiff on or about June 13, 2018, is granted. Plaintiff has provided no justification for failing to respond. Accordingly, plaintiff will be directed to respond to the document demands served upon him by defendant Smolinsky on or about June 13, 2018.

B.  Plaintiff's Motion to Compel

On November 15, 2018, the court received plaintiff's motion to compel discovery. Dkt. No. 54. Although it is not a model of clarity, it appears that plaintiff requests an order from the court ordering defendants Hall and Butt to locate an unidentified number of "staff members who worked at the Broome C.J. . . . in the year 2017," who allegedly denied diabetic-inmates, including plaintiff, the proper doses of insulin. Dkt. No. 54 at 2-3. Plaintiff also requests "the Court to appoint [him] a '[p]rivate investigator" to assist with discovery. *Id.* at 3.

Absent a court order expanding the scope of discovery to any matter

relevant to the subjects raised, the scope of discovery in a civil action is governed by Rule 26(b) of the Federal Rules of Civil Procedure. In relevant part, that rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under this provision, the bounds of permissible discovery in a civil action are generally broad. *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). That said, however, a party must first request discovery from its adversary before filing a motion in court to compel the adversary to produce the discovery. In this case, plaintiff has not served any discovery demands on defendants Hall and Butt requesting information about an unidentified number of staff at Broome C.J. that may have administered an improper amount of insulin to diabetic-inmates at any time. Dkt. No. 57 at 2. For that reason, plaintiff's request is denied.

Moreover, setting aside the fact that plaintiff has apparently attempted to bypass the discovery process altogether in this matter by failing to serve any demands on defendants, plaintiff has submitted no proof that, in accordance with the local rules of practice for this court, he

9

first attempted to meet and confer with defendants in good faith to obtain the information he now seeks. *See* N.D.N.Y. L.R. 7.1(b)(2) ("Prior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make good faith efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue."); *see also* N.D.N.Y. L.R. 7.1(d)(1) ("Parties must make good faith efforts among themselves to resolve or reduce all differences relating to discovery prior to seeking court intervention."). Plaintiff's failure to do so in this action also provides a basis for denying his motion. N.D.N.Y. L.R. 7.1(d)(2); *Murray v. Palmer*, No. 03-CV-1010, 2006 WL 2516485, at *1 (N.D.N.Y. Aug. 29, 2006).

Finally, with respect to plaintiff's request that the court appoint a private investigator to assist him with discovery, that request is patently frivolous and therefore denied. There is no legal authority for appointing plaintiffs – who voluntarily commence civil actions in federal court – private investigators to assist them in prosecuting their case.

III. <u>SUMMARY AND ORDER</u>

Following plaintiff's unilateral termination of his deposition on August 27, 2018, defendants Hall, Butt, and Smolinsky filed motions in this court for an order directing plaintiff to attend the remaining portion of his

10

deposition. In light of the record now before the court, including the deposition transcript, it appears that plaintiff's decision to prematurely terminate the deposition was for legitimate medical reasons. Accordingly, no sanctions will be issued against plaintiff. He is, however, directed to attend the remaining four hours of his deposition.

Turning now to plaintiff's motion to compel discovery, because he has not demonstrated he attempted to meet and confer with defendants in good faith before filing his motion in this court, and because plaintiff's request for the appointment of a private investigator is frivolous, the motion is denied.

Accordingly, it is hereby

ORDERED as follows:

(1) Defendants' motions to compel discovery (Dkt. Nos. 41, 48) are GRANTED.

(2) Plaintiff is directed to appear for a period not to exceed four hours for completion of his deposition, at a date and time to be selected by defendants' counsel, upon at least fourteen days' notice. In the event that plaintiff fails to appear for the scheduled deposition or does not participate through to its conclusion, defendants are permitted to file a motion for sanctions seeking dismissal of plaintiff's second amended complaint.

(3) If plaintiff believes he is medically unfit to sit for the remaining four hours of his deposition, plaintiff shall provide the court with medical proof at least five days prior to the scheduled deposition.

(4) The deposition shall take place no later than January 31, 2019.

(5) On or before January 31, 2019, plaintiff is directed to respond to defendant Smolinksy's document demands served on him on or about June 13, 2018.

(6) Plaintiff's motion to compel discovery (Dkt. No. 54) is DENIED.

(7) The discovery deadline in this case is hereby extended until January 31, 2019.

(8) The motion deadline in this case is hereby extended until February 28, 2019.

(9) The Clerk is respectfully directed to serve a copy of this decision and order on the parties in accordance with the local rules of practice for this court.

*(signature)*
David E. Peebles
U.S. Magistrate Judge

Dated: December 14, 2018
Syracuse, New York