UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────────────────

MAURICE HUGHES,

                    Plaintiff,

    v.                                      9:17-CV-1151
                                             (DNH/ML)

MAHMOOD BUTT, *et. al.*,

                    Defendant(s).

────────────────────────────────────────────

APPEARANCES:

MAURICE HUGHES
18-B-1404
Plaintiff, Pro se
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

Steinberg, Symer & Platt, LLP                    Jonathan E. Symer, Esq.
Attorneys for Defendants
27 Garden Street
Poughkeepsie, NY 12601

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION AND ORDER[1]**

**I.    INTRODUCTION**

    Pro se plaintiff Maurice Hughes ("Plaintiff") commenced this civil rights action

asserting claims arising out of his confinement at Broome County Correctional Facility

("Broome County C.F."). Dkt. No. 1 ("Compl."). The procedural history of this litigation was

────────────────

    [1]      On July 1, 2019, this matter was reassigned to the undersigned due to Magistrate Judge
Peebles' retirement.   Dkt. No. 74.

summarized in this Court's Decision and Order filed on July 9, 2019 (the "July Order") and will not be restated herein. *See* Dkt. No. 76 at 1-3. In the July Order, the Court granted Plaintiff's request for reconsideration of the Court's prior Order and reviewed Plaintiff's motion for counsel. *See generally*, Dkt. No. 76. The Court concluded that, "no change of circumstances that would warrant appointment of counsel pro bono for Plaintiff at this time." *Id.* at 5.

Presently before the Court is Plaintiff's motion for reconsideration of the July Order. Dkt. No. 77. Defendants oppose the motion. Dkt. No. 78.

## II.    DISCUSSION

The law related to motions for reconsideration was discussed in the July Order and will not be restated herein. *See* Dkt. No. 76 at 3-4. With his second motion, Plaintiff seeks reconsideration of the July Order arguing that he "had a severe stroke"[2] and as a result, he has difficulty reading, writing, comprehending, and speaking. *See* Dkt. No. 77 at 1. In support of the motion, Plaintiff provided a copy of his Request for Reasonable Accommodations filed on July 16, 2019. *See id.* at 3-5. In the request, Plaintiff claims he suffers from "visual impairments" due to "surgery" and that he "had a stroke and [has] difficulty reading, writing, and speaking[.]" *See id.* Plaintiff requested a transfer to "an accommodating facility." *See id*. at 5.

With the motion, Plaintiff has not presented the Court with "new evidence" which was "not previously available."

> "When    newly    discovered    evidence    is    the    basis    for

---

[2]    It is not clear from the submission when Plaintiff suffered a stroke or whether he is referring to the stroke he allegedly suffered in March or April 2019. *See* Dkt. No. 76 at 4, n.3.

> reconsideration, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.*, No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25, 2006) (internal quotations marks, citation, and emphasis deleted); *cf. Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, No. 88 Civ. 9127, 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992) ("The Court will not set aside a judgment because a frustrated litigant failed to present on a motion for summary judgment all facts known by or reasonably available to him.").

*U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007).

The facts now alleged by Plaintiff relate to events that occurred <u>after</u> the Court issued the July Order. Because a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court," *see Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (2d Cir. 2001), the evidence and arguments put forward by Plaintiff do not provide a basis for reconsideration of the July Order.

The Court will now address whether reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. Plaintiff claims that he is receiving assistance from law clerks in the facility law library, but argues that "law clerks are not attorneys and are subject to mistakes."[3] *See* Dkt. No. 77 at 1. As discussed in the July Order, Plaintiff's submissions do not support his argument that counsel is necessary so that he may "litigate this matter properly." *See* Dkt. No. 76 at 5. In the July Order, the Court noted

> Plaintiff's alleged neurological impairments have not prevented him from filing recent motions and letters with the Court. *See Candelaria v. Geifinger*, No. 96-CV-0017 (RSP/DS), 1998 WL 312375, at *2 (N.D.N.Y. June 8, 1998) (denying motion to appoint counsel because the plaintiff's health did not prevent

---

[3] Plaintiff contends that the law clerk "typed" his motion. *See* Dkt. No. 77 at 1.

3

him from effectively litigating the action). Since February 2019, Plaintiff has filed motions, requests for extensions of time, and letters that are typewritten and include coherent arguments. *See* Dkt. Nos. 69, 70, 72, and 75. Moreover, Plaintiff's medical condition did not prevent him from "recently" communicating his concerns regarding his health care with DOCCS' officials, from filing a Freedom of Information Law request for his medical records, or from completing a medical authorization for the release of medical records to the Court. *See* Dkt. Nos. 72 and 75 at 4, 6.

Dkt. No. 76 at 5.

Here, while Plaintiff claims that the law clerk "typed" the motion, Plaintiff has effectively communicated his arguments to the Court. Moreover, Plaintiff provided copies of his handwritten Request for Accommodation, completed in July 2019, and does not contend that he required or obtained assistance writing or completing those requests.

Plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error. While Plaintiff disagrees with the prior Order, Plaintiff has not made any showing that reconsideration of the Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Therefore, for the reasons set forth herein and in the July Order, Plaintiff's motion for reconsideration (Dkt. No. 77) is denied.

**III. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 77) is **DENIED**; and it is

further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

the parties in accordance with the Local Rules.

Dated: August 21, 2019

Miroslav Lovric
U.S. Magistrate Judge